UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 22-185 (DSD)

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARCIE MARIE THUMANN,

    Defendant.

**PLEA AGREEMENT AND SENTENCING STIPULATIONS**

The United States of America and **MARCIE MARIE THUMANN** agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. This agreement does not bind any other United States Attorney's Office or any other federal, tribal, or state agency.

1.    **Charges**. In exchange for the concessions of the United States contained in this plea agreement, the defendant voluntarily agrees to plead guilty to Count One of the Information, which charges the defendant with Theft from Program Receiving Federal Funds, in violation of Title 18, United States Code, Section 666. The defendant fully understands the nature and elements of the crime charged and is pleading guilty because she is guilty of Count One of the Information. The United States agrees that it will not bring other charges based on facts learned in the investigation of the defendant's conduct that are known to the government as of the date of this plea agreement.

1

2. **Factual Basis**. By pleading guilty, the defendant admits the following facts and that those facts would establish her guilt beyond a reasonable doubt:

Between approximately January 2010 and July 18, 2018, the defendant worked as the bookkeeper for the Albert Lea Housing and Redevelopment Authority (HRA) in Albert Lea, Minnesota. The HRA is a government program that received both federal and state funding to remedy the shortage of available housing for low-income residents. Specifically, the HRA annually received more than $10,000 from the United States Department of Housing and Urban Development. The HRA provided and managed hundreds of units of affordable housing throughout the greater Albert Lea area.

Tenants made rent payments directly to the HRA, and the defendant often accepted in-person rent payments via cash, check, or money order. The HRA used a computer system to manage its tenant accounts. At the beginning of each month, the system generated a rent-due balance for each tenant. The system required the defendant to manually enter rent payments and allowed the defendant to issue account adjustments. The defendant was solely responsible for recording and reconciling tenant rental payments to the HRA.

During her tenure as the HRA's bookkeeper, the defendant routinely embezzled HRA rent payments for her own personal use and benefit. She did so by pocketing cash payments and altering the payee information on payments made by check and money order. The defendant manipulated the HRA's computer system to conceal the money she stole, avoid detection, and prolong her fraud scheme.

Specifically, the defendant knowingly and willfully stole at least $213,217 in tenant payments that she knew belonged to the HRA.

3. **Waiver of Indictment**. The defendant agrees to waive indictment by grand jury on this charge and consents to the filing of a criminal information. The defendant further agrees to execute a written waiver of her right to be indicted on this offense.

4. **Waiver of Pretrial Motions**. The defendant understands and agrees that she has certain rights to file pretrial motions in this case. As part of this plea agreement, and based on the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily waives her right to file and litigate pre-trial motions in this case.

5. **Waiver of Constitutional Trial Rights**. The defendant understands that she has the right to plead not guilty and go to trial. At trial, the defendant would be presumed innocent, have the right to a jury trial or—in certain circumstances—to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

6. **Statutory Penalties**. The defendant understands that Count One of the Information (Theft from Program Receiving Federal Funds, in violation of Title 18, United States Code, Section 666) carries the following maximum statutory penalties:

    a. a maximum imprisonment term of 10 years;

    b. a maximum supervised release term of 3 years;

    c. a maximum fine of $250,000 or twice the gross gain or loss from the offense;

    d. a mandatory special assessment of $100;

    e. payment of mandatory restitution; and

    f. an assessment to the defendant for the costs of prosecution.

7. **Additional Consequences**. The defendant understands that as a result of conviction, she could experience additional consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office.

8. **Guidelines Calculations**. The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq*. The parties also acknowledge that the Court will independently consider the United States Sentencing Guidelines in determining the appropriate sentence. Nothing in this plea agreement should be construed to limit the parties from presenting any relevant evidence to the Court at sentencing. The parties stipulate to the following guidelines calculations:

    a. <u>Base Offense Level</u>. The parties agree that the base offense level is **6** because the offense of conviction does not have a statutory

maximum term of imprisonment of 20 years or more. U.S.S.G. § 2B1.1(a).

b. Specific Offense Characteristics. The parties agree to a **10-level increase** in the base offense level because the loss amount is more than $150,000. U.S.S.G. § 2B1.1(b)(1)(F).

c. Chapter 3 Adjustments. The parties agree to a **2-level increase** because the defendant abused a position of public trust in a manner that significantly facilitated the commission and concealment of the offense. U.S.S.G. § 3B1.3.

d. Acceptance of Responsibility. The government agrees to recommend that the defendant receive a **2-level reduction** for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a). Whether the reduction will be imposed shall be determined by the Court in its discretion. In exercising its discretion, the defendant understands that the Court likely will consider the following occurrences: (1) the defendant's truthful testimony during the change of plea and sentencing hearings; (2) the defendant providing full, complete, and truthful information to the United States Probation Office in the pre-sentence investigation; and (3) the defendant engaging in no conduct inconsistent with acceptance of responsibility before the time of sentencing.

The government also agrees to move for an additional **1-level reduction** because the defendant timely notified the government of her intention to plead guilty. U.S.S.G. § 3E1.1(b).

e. Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History **Category I**. U.S.S.G. § 4A1.1. This does not constitute a stipulation, but a belief based on an assessment of the information currently known. The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing. The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence that should be included within her criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on her true criminal history category, and she will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.

f.  Guidelines Range. If the adjusted offense level is **15** (6+10+2-3), and the criminal history category is **I**, the Guidelines range is **18-24 months of imprisonment.**

g.  Fine Range. If the adjusted offense level is **15**, the Guidelines fine range is $7,500 to $75,000. U.S.S.G. § 5E1.2(c)(3).

h.  Supervised Release. The Sentencing Guidelines recommend a supervised release term of at least one year but not more than three years. U.S.S.G. § 5D1.2(a)(2).

9.  **Agreements as to Sentencing Recommendations**. The defendant is free to recommend whatever sentence she deems appropriate, including reserving the right to make a motion for a departure or variance from the applicable Guidelines range and to argue for a sentence outside the applicable Guidelines range. The government agrees to argue for a sentencing within the applicable Guidelines range. If the Court does not accept the sentencing recommendation of either party, the defendant will have no right to withdraw her guilty plea.

10. **Revocation of Supervised Release**. The defendant understands that if she were to violate any supervised release condition while on supervised release, the Court could revoke her supervised release, and she could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

11. **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court. The parties understand that the Sentencing

Guidelines are advisory and their application is a matter that falls solely within the Court's discretion. The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart or vary from the applicable Guidelines range. If the Court determines that the applicable Guidelines calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

12. **Special Assessment**. The Guidelines require payment of a special assessment of $100 for this felony conviction, which becomes due and payable upon sentencing. U.S.S.G. § 5E1.3.

13. **Criminal Fine.** The parties agree that a fine is not appropriate given the defendant's restitution obligations.

14. **Restitution**. The defendant understands and agrees that the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, applies to her offense and that the Court is required to order that she pay restitution to the victim of her crime. The parties agree that the defendant should be ordered to pay restitution in the amount of $213,217 to the Albert Lea Housing and Development Authority.

15. **Disclosure of Assets**. The defendant will fully and completely disclose to the United States Attorney's Office the existence and location of any assets in which the defendant has any right, title, or interest, or over which the defendant exercises control, directly or indirectly, including those assets held by a spouse,

nominee or other third party, or any business owned or controlled by the defendant. The defendant agrees to assist the United States in identifying, locating, returning, and transferring assets for use in payment of restitution fines, and forfeiture ordered by the Court. The defendant agrees to complete a financial statement within two weeks of the entry of her guilty plea. The defendant further agrees to execute any releases that may be necessary for the United States to obtain information concerning the defendant's assets and expressly authorizes the United States to obtain a credit report on the defendant to evaluate her ability to satisfy financial obligations imposed by the Court. If requested by the United States, the defendant agrees to submit to one or more asset interviews or depositions under oath.

16. **Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading guilty. The parties agree, however, that excluded from this waiver is an appeal by defendant of the substantive reasonableness of a term of imprisonment that exceeds the applicable Guidelines range. The defendant also waives the right to petition under 28 U.S.C. § 2255, except based upon a claim of ineffective assistance of counsel. The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily. In return, the United States agrees to waive its right to appeal the imposed sentence.

17. **FOIA Requests.** The defendant knowingly, willingly, and voluntarily waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

18. **Complete Agreement**. This, and any agreements signed by the parties before entry of the plea, is the entire agreement and understanding between the United States and the defendant. Other than this plea agreement, the defendant acknowledges that no threats, promises, or representations have caused the defendant to plead guilty. The defendant acknowledges that she has read this plea agreement and carefully reviewed each provision with her attorney. The defendant further acknowledges that she understands and voluntarily accepts each term and condition of this plea agreement.

Date: October 12, 2022

ANDREW M. LUGER
United States Attorney

for BY: JORDAN L. SING
Assistant United States Attorney

Date: 10/12/22

MARCIE MARIE THUMANN
Defendant

Date: 10/12/22

CHRISTINA ZAUHAR
Counsel for Defendant

9